IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| THOMAS JOHN SLEVIRA, JR., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN JIM SALMONSEN, ATTORNEY GENERAL OF THE STATE OR MONTANA, <br><br><br> Respondents. | Cause No. CV 25-91-BLG-DWM <br><br><br><br> ORDER |

State pro se prisoner Thomas John Slevira, Jr. ("Slevira") filed an application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1.) The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases.

//

**Exhaustion**

Following *nolo contendere* and guilty pleas, Slevira was convicted in Montana's Thirteenth Judicial District, Yellowstone County, of: Deliberate Homicide, Criminal Endangerment, Aggravated Assault, and three counts of Assault with a Weapon. (Doc. 1 at 2-3.) On October 18, 2024, judgment was entered and Slevira received a net sentence of 140 years at the Montana State Prison with a 45-year parole restriction. (*Id*. at 3.)

Slevira did not file a direct appeal. (*Id*.) Similarly, he has not sought state postconviction or other collateral review. (*Id*. at 2-3.) He appeared for a hearing before the Montana Sentence Review Division in May of 2025, but he has not provided the outcome of this proceeding. (*Id*. at 3.) A review of the Montana Supreme Court's docket reveals that Slevira has no matters before the Court, either active or closed. *See Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011)(court may take judicial notice of proceedings in other courts, within and without the federal judicial system if those proceedings have a direct relation to the matters at issue).[1]

In his federal petition, Slevira alleges that trial counsel provided ineffective assistance in various ways, (Doc. 1 at 4, 6, 9-11), that the plea agreement was breached and violated contract law provisions, (*id*. at 5, 7), and that the judge

---

[1] *See also*: https://supremecourtdocket.mt.gov/ (accessed July 14, 2025).

exhibited bias. (*Id*. at 8.) Slevira asks this Court to order his state sentences be vacated and that a new trial be scheduled or, alternatively, order his release from custody within 60 days. (*Id*. at 16.)

A federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A) through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008), and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id.. see also Gray*

*v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In the present case, the state courts have not yet considered the claims Slevira attempts to advance. Slevira must present these same claims to the state courts, including the Montana Supreme Court, in a procedurally appropriate manner and give them one full opportunity to review his federal constitutional claims. *O'Sullivan*, 526 U.S. at 845. While Slevira has appeared before the Montana Sentence Review Division, that does not constitute exhaustion. The role of the Sentence Review Division is to determine whether a sentence imposed is clearly inadequate or clearly excessive; the Division may modify or affirm a sentence according to its findings. *See*, Mont. Code Ann. §46-18-904(1). Thus, the sentence review process looks at the equity or inequity of a sentence, and not the merits of a challenge mounted to the legality of one's underlying proceedings or the judgment of conviction. *See e.g.*, *State v. Ford*, 278 Mont. 353, 364, 926 P. 2d 245, 251 (1996); *State v. Bull*, 2017 MT 247, ¶13, 389 Mont. 56, 403 P. 3d 670.

Because Slevira has not yet completely exhausted his available state court remedies, this Court cannot review the claims. *See Rose v. Lundy*, 455 U.S. 509

(1982).  Dismissal will be **without prejudice**, allowing Slevira to return to this Court if and when he fully exhausts the claims relative to his current custody.

### Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Slevira has not yet made a substantial showing that he was deprived of a federal constitutional right.  Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings.  There are no close questions and there is no reason to encourage further proceedings in this Court.  A certificate of appealability will be denied.

Based on the foregoing, IT IS ORDERED that:

1. Slevira's Petition (Doc. 1) is DISMISSED **without prejudice** as unexhausted.

2. The Clerk of Court is directed to enter a judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this 15th day of July, 2025.

Donald W. Molloy, District Judge
United States District Court